UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case No. 16-20831

v.                                      Hon. Victoria A. Roberts

TIMOTHY BARTH,

        Defendant

_____/

Sara D. Woodward (P73784)
Deputy Chief, General Crimes Unit
United States Attrorneys Office
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
313.226.9180
sara.woodward@usdoj.gov

David S. Steingold (P29752)
Law Offices of David S. Steingold, PLLC
400 Monroe Street, Suite 280
Detroit, Michigan 48226
313.962.0000
detroitdefender@yahoo.com

## PETITION FOR REVIEW OF DETENTION

      NOW COMES Defendant, Timothy Barth, and requests this Court to review the Order of Detention entered on Friday, December 16, 2016, and in support thereof states as follows:

      1.     Timothy Barth was charged in a criminal complaint for violation of 18 U.S.C. § 2252(A)(a)(5)(B) and 18 U.S.C. §2252(A)(a)(2), possession and receipt of child pornography. Yesterday, December 20, 2016, he was indicted on the same charges.

      2.     Arraignment on the Complaint began on Thursday, December 15, 2016 before the Honorable Magistrate Judge Anthony Patti. The arraignment was completed

with the detention hearing on the following day, Friday, December 16, 2016.  Dr. Barth has not yet been arraigned on the Indictment.

   3. Although release on conditions was recommended by Pre-Trial Services, after additional information was provided by the Government, Magistrate Judge Patti found that there were no conditions to alleviate concerns over danger to the community and ordered detention.  A copy of the detention Order is attached hereto as Exhibit A.

   4. Given the circumstances of this case, and the circumstances of Timothy Barth, conditions do exist which would alleviate any concern for the safety of the community.

   WHEREFORE, for the reasons set forth herein, and as more fully set forth in the attached Memorandum, Defendant Timothy Barth respectfully prays this Honorable Court review this matter *de novo* and release Timothy Barth with conditions.

          Respectfully submitted,

          /s/ David S. Steingold
          David S. Steingold (P29752)
          Law Offices of David S. Steingold, PLLC
          Attorney for Defendant
          400 Monroe Street, Suite 280
          Detroit, Michigan  48226
          313.962.0000 – Phone
          313.962-0766 – Fax
          detroitdefender@yahoo.com

Dated:  December 21, 2016

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**        Case No. 16-20831

v.        Hon. Victoria A. Roberts

**TIMOTHY BARTH,**

        **Defendant**

_____/

Sara D. Woodward (P73784)
Deputy Chief, General Crimes Unit
United States Attrorneys Office
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
313.226.9180
sara.woodward@usdog.gov

David S. Steingold (P29752)
Law Offices of David S. Steingold, PLLC
400 Monroe Street, Suite 280
Detroit, Michigan 48226
313.962.0000
detroitdefender@yahoo.com

**MEMORANDUM IN SUPPORT OF**
**PETITION FOR REVIEW OF DETENTION**

    Dr. Timothy Barth is charged with possession of child pornography. He has been detained by Magistrate Patti. Dr. Barth is requesting a *de novo* hearing before this Court. 18 U.S.C. § 3145.

    The District Court should make its own independent conclusions and review the Magistrate's findings *de novo*. See *United States v. Leon*, 766 F.2d 77, 80 (2nd Cir. 1985); *United States v. Daniel*, 772 F.2d 382, 383 (7th Cir. 1985).

    In this case there is a rebuttable presumption, based on the nature of the charge, which carries a five year mandatory minimum. The presumption has been interpreted

3

as shifting only the burden of production and not persuasion to the defendant. *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985).

The statute requires the facts that the judicial officer uses to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, shall be supported by clear and convincing evidence. The District Court decision in *United States v. Fatico*, 458 F. Supp. 388 (E.D.N.Y. 1978), *aff'd* 603 F.2d 1053 (2nd Cir. 1979), quantified clear and convincing evidence as above 70 percent certain. The quantification was neither affirmed nor rejected by the Circuit's decision in the same case. In *United States v. Bell*, 673 F. Supp. 1429 (E.D. Mich. 1987), the Court accepted the following definition of "clear and convincing":

> [W]itnesses to a fact must be found to be credible, and that the facts to which they have testified are distinctly remembered and the details thereof narrated exactly and in due order, so as to enable the trier of the facts to come to a clear conviction without hesitancy of the truth of the precise facts in issue.

Id. at 1431 (quoting 30 AM. JUR. 2nd EVID. § 1167).

Clear and convincing evidence needs proof that a particular defendant actually poses a danger to the community, not that a defendant in theory poses a danger. *United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991).

This Court is charged with a duty to determine whether there is a significant risk of flight or of danger to the community sufficient to deny detention. The statute favors release on the least restrictive available conditions.

Dr. Timothy Barth is 66 years old. He has no prior criminal record of any kind. He has been married for 35 years to his wife, Bona, and they live in Ann Arbor, Michigan. He has been a resident of this community for over those 35 years. The

couple have one son, Benjamin, 40 years old and a medical malpractice attorney in Okemos. His son and daughter-in-law have two children. Dr. Barth is semi-retired, having served as the Medical Director of the Wayne County Jails, Assistant Medical Director of the Jackson prisons, as well as Medical Director of the Milan federal facilities. At the time of his arrest, he was working as a general internist at two clinics, The Urban Family Medical Services in Warren and Special Priority Medical Services in Detroit. He treats only adults. His wife, Bona, is a practicing RN.

Dr. Barth has significant medical issues. He has previously suffered a stroke and is paralyzed in his left leg, requiring a brace from just above the knee down to and including his foot. He is on Metoprolol 50 mg, 2 times per day, and Losartin, 50 mg, 2 times per day for high blood pressure. He is on Neuronton 1200 mg, 2 times per day for peripheral neuropathy. He takes Metformin 2x 500 mg, once per day, and two types of insulin, Lantis and Novalog, both by injection, for diabetes. He takes Zyloprin 300 mg daily, for gout. He takes Coumadin 4 mg per day, as an anti-coagulant due to his stroke.

In May of 2016, Dr. Barth took his computer in to Best Buy as there were problems in start-up. An employee at Best Buy found some child pornography and notified authorities. The matter was referred to the Pittsfield Township Police Department, Detective Erskine. The investigation was then turned over to the Washtenaw County Sheriff's Department, Detective Kevin Parviz. On or about May 11, 2016, a search warrant was executed by Detective Parviz, who confiscated several electronic devices and proceeded to have them searched.

Dr. Barth contacted and retained counsel. Counsel was in touch with Detective Parviz to ensure that he knew Dr. Barth was represented and assuring the detective that Dr. Barth would surrender himself as directed to whichever authority would proceed with prosecution. At that time, Detective Parviz did not know whether it would be handled by the Washtenaw County Prosecutor's Office or the U.S. Attorney's Office.

Dr. Barth was then put in touch with Dennis Sugrue, a psychologist who specializes in treatment of sexual disorders and forensic evaluation of sexually-related offenses. Dr. Barth has attended sessions weekly. Attached as Exhibit B are the curriculum vitae of Dr. Sugrue, as well as a letter attesting to Dr. Barth's care and the 20 sessions of psychotherapy already completed.

From that time until he was arrested in this case, Dr. Barth was free without restriction. He knew very well from talking to counsel that he would eventually be charged, and has done nothing since that time except work, attend therapy and church. Dr. Barth and his wife, Bona, are very devout Catholics. They attend church on a daily basis.

One of the concerns raised by the Government in seeking detention were that the assets of Dr. Barth and his wife were substantial. There was a stated concern that would enable Dr. Barth to leave.

Aside from turning in his passport, aside from the fact that there really is nowhere for him to go, is that Dr. Barth has no desire to leave. His entire life is in this area. The best evidence of the lack of any risk of flight is that since May of this year, with full knowledge of the investigation and with unrestricted access to his funds, Dr. Barth has made no attempt to leave. Indeed, Dr. Barth and his wife have not even taken a

vacation during that time. Judge Patti agreed with Pre-Trial Services that any risk of flight could be overcome by conditions of release.

Options available to alleviate any concern about dangerousness to the community include home confinement or home incarceration, a GPS tether, third party custody, among others. Pre-Trial Services recommended release, finding that the risk of danger to the community could be overcome by those conditions.

There were no allegations in the Complaint, and no prior record to suggest, that Dr. Barth had attempted or had had inappropriate contact with any underage child.

The Government then produced a report, attached as Exhibit C, of a claim made in 2011 by a niece of Defendant, that approximately 20 years before that date, she was touched inappropriately by Dr. Barth. The case was not prosecuted, apparently due to the statute of limitations. More significantly, it was not investigated at all until the Agent in charge of this case made some inquiries last week.

Counsel for the Defendant proffered that this same young lady had made a false claim of sexual molestation against her father around the time when this incident occurred. Those charges were found to be without basis.

The Government then produced another exhibit, a report from the Agent in charge, alleging that a nephew of Defendant made a statement that yet another niece had claimed to be molested. That same niece was also referenced by the first niece. For clarification, the niece who was making the claim that she was molested will be referred to as V-1. The other niece will be referred to as V-2.

Despite attempts to reach V-2 to find out whether she could corroborate the allegation and make a statement, V-2 has refused to make any statement. What we are

7

left with in that instance is one person claiming that another person made a claim which that person will not verify.

Both nieces and nephew are the blood relatives of Defendant's wife, Bona Barth. They are the cousins of their son, Benjamin Barth. At a hearing on this Petition for Review, both of these individuals want to address this Court directly to explain the family dynamics and their fervent belief that these allegations are pure lies as part of a long and ongoing attempt to cause problems for this couple due to family circumstances than can best be described by them to this Court.

Benjamin Barth will tell this Court, besides that explanation, that he would have no hesitation leaving his own children in the care of his father. Bona Barth, besides the explanation referred to above, will tell the Court cogent reasons why this niece has made these allegations, why the nephew has offered his view and, most importantly, her fervent belief after much investigation that there is no substance to the allegations.

Magistrate Patti had the attached reports from both the Washtenaw County Sheriff's Department and the Department of Homeland Security about the interviews with the niece and the nephew, but nothing more. After consulting with the Pre-Trial Services Officer in private, Magistrate Patti found that the danger to the community could not be controlled by any conditions.

Dr. Barth is prepared to accept home incarceration and third party custody. He would not be allowed out of the house other than for doctor visits and attending court. If possible, he would also like an exception to be allowed to attend church every day. He would be wearing a GPS monitor, and would have no contact with any underage

children, unless accompanied by the child's parents. Specifically, we are talking about Dr. Barth's grandchildren.

With those conditions in place, with the added layer of protection of third party custody, there certainly are conditions that could alleviate any concerns over safety to the community.

It is felt that the Order of the Magistrate detaining Dr. Barth on an uncharged and uninvestigated allegation is penal in nature. It seems as though he is being punished for unproven and totally unsubstantiated conduct. Without regards to that, however, the question is whether or not conditions can be put into place that could alleviate the danger to the community. Certainly those conditions do exist.

Accordingly, Dr. Timothy Barth respectfully prays this Honorable Court review this matter *de novo*, conduct a hearing at the first available date, and order his release on conditions.

                                        Respectfully submitted,

                                        /s/ David S. Steingold
                                        David S. Steingold (P29752)
                                        Law Offices of David S. Steingold, PLLC
                                        Attorney for Defendant
                                        400 Monroe Street, Suite 280
                                        Detroit, Michigan 48226
                                        313.962.0000 – Phone

Dated: December 21, 2016